Mike BATES and Edith Bates, Plaintiffs,

v.

The CITY OF GASTONIA, NORTH CAROLINA; L.T. Curry; L.D. Wade; and Betty B. Jenkins, as Clerk of Superior Court for Gaston County, North Carolina, Defendants.

No. C–C–85–662–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Feb. 23, 1987.

George Daly, Charlotte, N.C., for plaintiffs.

Thomas B. Meacham, Jr., Asst. Atty. Gen., N.C. Dept. of Justice, Raleigh, N.C., Richard T. Rice, Womble, Carlyle, Sandridge & Rice, Winston-Salem, N.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court on the Petition of Plaintiffs' Attorney, George Daly, for an award of attorney's fees and expenses in this case.

On December 3, 1986, the Court entered Judgment that Plaintiff Edith Bates recover $3,000.00 in damages from Defendants Curry and Wade, that Defendant Jenkins expunge the arrest records of Plaintiff Edith Bates, and that Plaintiff Edith Bates recover such reasonable attorney's fees as determined by the Court. All claims of Plaintiff Mike Bates were dismissed with prejudice, and the claim of both Plaintiffs against the City of Gastonia was dismissed with prejudice.

Plaintiffs' Attorney asserts that he has expended 44.6 hours and $557.14 in expenses on this case. The Petition includes a detailed breakdown of the above amounts. The Petition states that some reduction in the amount of time should be made because Plaintiff Mike Bates did not prevail and because neither Plaintiff prevailed against Defendant City of Gastonia. A ten percent (10%) reduction of time, or 4.5 hours, is suggested.

The Attorney for Defendant Jenkins, Clerk of Superior Court for Gaston County, North Carolina, responds to Plaintiffs' Attorney's Petition by asking that the Court not assess attorney's fees, expenses, or other costs of the litigation against Defendant Jenkins. The Attorney for Defendant Jenkins points to paragraph six (6) of the Complaint which states, in part, that Defendant Jenkins "is sued only in her official capacity for the equitable remedy of expunction of arrest records. No allegations of any wrongdoing are made against her, nor are damages or counsel fees sought against her." The contention is that Defendant Jenkins was basically a non-participant in the litigation. Other than filing a motion to dismiss on April 17, 1986, which was denied by this Court's Order filed June 13, 1986, Defendant Jenkins simply awaited the Judgment of this Court. She did not participate in any discovery nor did she participate in the trial or in any other proceedings involving this case. The judgment against Defendant Jenkins to expunge the arrest records of Edith Bates arose solely from the unconstitutional arrest of Edith Bates by Defendants Curry and Wade.

Plaintiffs' Attorney responds that Defendant Jenkins voluntarily entered the fray of the case, and thereby declined to be a merely passive party, immune from assessment of fees. On December 12, 1985, she filed an Answer in which she raised six defenses. Then, on April 15, 1986, Defendant Jenkins served her Memorandum in Support of her Motion to Dismiss, in which she argued Eleventh Amendment immunity and exhaustion of remedies under N.C.G.S. § 15A–146. Plaintiffs served their Response on April 30, 1986, and Plaintiffs' Attorney asserts that it took considerable time and thought to formulate this Response.

Defendants L.T. Curry and L.D. Wade respond to the Plaintiffs' Attorney's Petition by asking that the Court make an appropriate downward adjustment in the fee sought by Plaintiffs' Attorney in this action. Defendants Curry and Wade make the following three arguments:

(1) Reasonable attorney's fees should be determined by using the analysis applied by the Supreme Court in *Hensley v. Eckerhart,* 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).

(2) Downward adjustment of the fee is appropriate because taking the case through trial did not enhance the result that had could have been had by accepting the settlement offer prior to trial.

(3) No upward adjustment of the $135.00 hourly rate is justified by the possibility that if there was no recovery in the case, Plaintiffs' Attorney would have received nothing.

(1) In *Hensley,* the Court said:

The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he succeeded on only some of his claims for relief. In this situation, two questions must be addressed. First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded? Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making the fee award?

Defendants Curry and Wade contend that the claims of both Plaintiffs against the City of Gastonia were unrelated to the claim of Edith Bates against Curry and Wade. A substantial reduction in attorney's fees would therefore be appropriate. Curry and Wade further contend that Plaintiffs' limited or partial success does not make the hours expended a satisfactory basis for making the fee award.

(2) Defendants Curry and Wade offered to settle this matter for $3,000 prior to trial which is the same amount ultimately recovered by Plaintiff Edith Bates. Curry and Wade seek a downward adjustment in the fee because taking the case to trial did not enhance the amount that could have been recovered without the expense of a trial.

(3) Defendants Curry and Wade object to any upward adjustment of Plaintiffs' Attorney's customary lodestar hourly rate of $135.00. The upward adjustment sought by Plaintiffs' Attorney is based on the possibility that if at least one of the Plaintiffs did not prevail, he would have received nothing for his handling of the case. Curry and Wade contend that the risk of losing alone does not justify the use of a multiplier. They cite *McKinnon v. City of Berwyn,* 750 F.2d 1383 (7th Cir.1984) in which the Court said, "[t]he fundamental problem of a risk bonus is that it compensates attorneys, indirectly but effectively, for bringing unsuccessful civil rights suits.... Indeed, if the logic of the risk multiplier were applied consistently, the attorney's fee would be larger the riskier the case, even though this would mean rewarding lawyers for flooding the courts with unmeritorious litigation, something we very much do not need." 750 F.2d at 1392.

Plaintiffs' Attorney requests that the Court award him a fee of $5,814.50 (calculated upon 40.1 hours [44.6 actual hours,

less 10%] at a lodestar rate of $135.00 per hour, enhanced $10.00 per hour to account for the contingent nature of the matter), and that the Court award the sum of $557.14 as costs and expenses of the litigation.

The Court considers the following factors in determining a reasonable attorney's fee:

(a) *The novelty and difficulty of the question.*

(b) *Skill requisite to perform the legal services properly.*

(c) *Preclusion of other employment by attorney due to acceptance of the case.*

(d) *The customary fee.*

(e) *Whether the fee is fixed or contingent.*

(f) *The amount involved and the results obtained.*

(g) *The experience, reputation, and ability of the attorney.*

(h) *The undesirability of the case.*

(i) *Nature and length of the professional relationship.*

(j) *Awards in similar cases.*

The Court has considered all of the above factors and notes that this was not a novel or a difficult case. In fact it was a simple straight forward presentation of simple facts, which did not require any unusual skill. This is not to say that Mr. Daly is not skillful. He is very skillful.

However, the Court must consider the relatively small amount of damages which the Plaintiff Edith Bates should realistically have expected to recover and the unrealistic demand by the Plaintiff for settlement.

One of Mr. Daly's affiants stated that a number of civil rights and Title VII cases are not popular and that a lawyer willing to take on a large corporate defendant or a governmental authority is "branded" with the "stigma" that he does that type of work. The only stigma and branding on Mr. Daly is that he does a good job in this type of work, and has gained a reputation which from all appearances brings to him a large number of very remunerative cases.

■ As to the City of Gastonia, there was not any evidence which would justify a judgment against the City of Gastonia, and a fee for Plaintiffs' attorney is simply not justified because Plaintiffs' attorney tried to but could not find or produce any evidence. Since there was no evidence to justify a judgment against the City of Gastonia, surely it should not be held liable for attorney's fees because it was sued. If that were the case, lawyers could earn a respectable income bringing lawsuits for which there were no grounds and then collect a fee for filing suit. Therefore, the Plaintiffs' attorney is not entitled to any recovery of attorney's fees against the City.

■ As to Betty B. Jenkins, she was not guilty of any wrongdoing, and clearly should not have any attorney's fees assessed against her.

The Court finds that the Plaintiffs' demand of $15,000.00 through his attorney was unreasonable and for this there should be a reduction of fee. The results obtained were indicative of this. However, as the Defendants' attorney admit in their response the settlement offer was not made until several days before trial. This would increase to some extent the reduction of fee for failure to settle for a reasonable amount.

"Customary fees" is a loose term which this Court does not afford much weight.

From press accounts a former Attorney General of the United States charged a client $1,711.00 an hour for services. He would not receive that in this Court whether this was his "customary fee" or not.

The Plaintiffs' attorney achieved limited success in this case not because of his lack of expertise, but because it was a case with limited possibilities, and therefore the fee will have to be reduced commensurate with the case itself.

■ All matters considered, the Court is of the opinion that a charge of $115.00 an hour is the maximum amount that it can allow in this case. Multiplied by the 40.1 hours claimed by the Plaintiffs' attorney,

which is reasonable, would result in a fee award of $4,611.50, which is $1,611.50 more than his client Edith Bates received.

Plaintiffs' counsel filed on February 11, 1987 a Motion for additional fees for the 1.1 hours spent in preparing the Reply to response of Defendants Curry and Wade.

The Court is of the opinion that Plaintiffs' counsel has been more than adequately compensated at $115.00 an hour in this case and will deny any further compensation.

NOW, THEREFORE, IT IS ORDERED that:

(1) The Plaintiff Edith Bates' attorney is awarded the sum of $4,611.50 fees against the Defendants L.T. Curry and L.D. Wade;

(2) The Plaintiff Edith Bates' attorney, George Daly, is awarded the sum of $557.14 in expenses against Defendants Curry and Wade, with reimbursement to be made by Mr. Daly to Ms. Bates for whatever amounts she advanced; and

(3) There are not any fees or expenses assessed against the other Defendants.

(4) Plaintiffs' counsel's Motion for additional counsel fees, filed February 11, 1987, is DENIED.